## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

THOMAS E. PEREZ,  Secretary of Labor,
United States Department of Labor,

               Plaintiff,

     v.

POLARIS AMERICA, LLC; CHRISTOPHER FILOS;
and the POLARIS AMERICA, LLC 401(k) PROFIT
SHARING PLAN,

               Defendants.

CASE NO.
2:13-cv-00749-EAS-EPD

### CONSENT ORDER AND JUDGMENT

Plaintiff,  Thomas E. Perez, Secretary of Labor, United States Department of Labor, (the "Secretary") pursuant to the provisions of the Employee Retirement Income Security Act of 1974("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed a complaint against defendants, Polaris America, LLC, Christopher Filos and the Polaris America, LLC 401(k) Profit Sharing Plan, alleging breaches of their fiduciary responsibilities under ERISA §§ 404(a)(1)(A) AND 404(a)(1)(B), with respect to the Polaris America, LLC 401(k) Profit Sharing Plan (the "Plan").

Defendants have waived service of process of the complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants, neither admitting nor denying the allegations of the Secretary's complaint, have agreed to resolve all matters in controversy in this action

between them (except for the imposition by the Secretary of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1.      Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2.      Defendants are removed as fiduciaries to the Plan and are permanently enjoined from serving or acting as fiduciaries or service providers to any ERISA-covered employee benefit plan.

3.      Lefoldt & Company, P.A., is hereby appointed as the independent fiduciary for the Plan. The independent fiduciary shall have the following powers, duties and responsibilities:

        a.      The independent fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries for the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan;

        b.      The independent fiduciary shall have responsibility and authority for terminating the Plan. Such terminations shall be made in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.§1001 et seq., and the Internal Revenue Code. While not required to obtain a determination letter to terminate the Plan under ERISA or the Internal Revenue Code, the independent fiduciary shall make a determination as to whether it is prudent to go through the determination letter process for the Plan. The independent fiduciary's responsibilities with respect to the termination of the Plan shall include, but not be limited to, liquidating the Plan's assets, communicating with participants regarding the termination of the Plan and their disbursal options, calculating the participant and beneficiaries account balances,

2

and filing appropriate termination papers with the Internal Revenue Service and the Department of Labor;

   c.   The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Consent Order and Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

   d.   The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

   e.   The independent fiduciary may retain such persons and firms including but not limited to accountants and attorneys, as may be reasonably required to perform his duties hereunder;

   f.   The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA §412, 29 U.S.C. §1112. The costs incurred by the independent fiduciary in obtaining such bonding shall be paid by the Plan;

   g.   Within 30 days of the distribution of all of the Plan's assets, the independent fiduciary shall provide the EBSA Regional Director, at EBSA, Fort Wright Executive Building I, 1885 Dixie Highway, Suite 210, Fort Wright, Kentucky, 41011-2664, with a report identifying the distributions made by the Plan since the independent fiduciary's appointment;

   h.   The independent fiduciary shall not be responsible for bringing any action on behalf of the Plan against any prior fiduciaries or service providers of the Plan for violations of state or federal law that occurred prior to the date of the independent fiduciary's appointment. The independent fiduciary shall be responsible for pursuing any violations of ERISA that occur after his appointment as the independent fiduciary by this Court;

   i.   The independent fiduciary may not be held responsible or liable for any claim against the Plan or related entities that existed, arose, matured or vested prior to his appointment as independent fiduciary for the Plan; and

   j.   The independent fiduciary shall be paid no more than $750.00, as identified in the attached fee proposal (Exhibit A). The cost of the fidelity bond is not included in the $750.00 sum. Fees incurred in administering the Plan beyond those specified in the fee proposal must be submitted to the Court. If no objection is raised by either party or by the Court within 30 days of the submission of the supplemental fee proposal to the Court, the fees may be paid from Plan assets.

3

4.    Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

5.    The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

6.    Nothing in this Consent Judgment and Order is binding on any government agency other than the United States Department of Labor.

DATED  11-4-2013 _____, 2013

_____
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this consent order and judgment:

**FOR THE SECRETARY OF LABOR:**

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**BENJAMIN T. CHINNI**
Associate Regional Solicitor

**CARTER M. STEWART**
United States Attorney
Assistant United States Attorney
303 Marconi Street, Suite 200
Columbus, Ohio 43215
(614) 469-5715; (614) 469-5653 (Fax)

_Michelle M. DeBaltzo_  10/25/13
**MICHELLE M. DeBALTZO**
(Ohio Reg. No. 0067998)
Trial Attorney
U.S. Department of Labor
Office of the Solicitor

1240 East Ninth St., Suite 881
Cleveland, Ohio 44199
(216) 522-3879; (216) 522-7172 (Fax)
debaltzo.michelle@dol.gov

FOR DEFENDANT POLARIS AMERICA, LLC

DATED: 10-24-13

CHRISTOPHER FILOS
2515 Jean Marie Court
Wall Township, N.J.
08724-0907
(732)-938-4699

FOR DEFENDANT CHRISTOPHER FILOS

DATED: 10-24-13

CHRISTOPHER FILOS
2515 Jean Marie Court
Wall Township, N.J.
08724-0907
(732)-938-4699

FOR DEFENDANT POLARIS AMERICA, LLC 401(k) PROFIT SHARING
PLAN:

DATED: 10-24-13

CHRISTOPHER FILOS
2515 Jean Marie Court
Wall Township, N.J.
08724-0907
(732)-938-4699



LEFOLDT & Co., P.A.
CERTIFIED PUBLIC ACCOUNTANTS

March 11, 2013

Mr. Ron Porter, Investigator
U. S. Department of Labor – EBSA
Cincinnati Regional Office                    Via email: porter.ronald@dol.gov
1885 Dixie Highway, Suite 210
Ft. Wright, KY 41011

RE:     Polaris America, LLC
        401(k) Profit Sharing Plan

Dear Mr. Porter:

I agree to take over as Independent Fiduciary to administer and terminate the above referenced plan in accordance with ERISA and the plan documents, for a fee not to exceed $750.00.

Please note that the fee is based on the following assumptions:

1. The Independent fiduciary will work with American Funds/Capital Bank & Trust to complete all distributions and associated tax reporting, including IRS forms 1099R/1096 and 945 tax deposits and returns.
2. The Independent Fiduciary will be responsible for completing and filing the final 5500 and supporting schedules with the U. S. Department of Labor.
3. In the case of missing participants, the Independent Fiduciary will follow the guidelines as set forth in the DOL Field Assistance Bulletin 2004-02.

If you have any questions, please don't hesitate to contact me.

I want to thank you for considering me to be the Independent Fiduciary, and I look forward to working with you in the successful administration and termination of this plan.

Sincerely,

Mr. Larry Lefoldt, CPA

MLL:dw

690 Towne Center Boulevard ■ Post Office Box 2848 ■ Ridgeland, MS 39158-2848 ■ (601) 956-2374

EXHIBIT A